**Kenneth PUGH et al., Appellants,**

v.

**Edward Leroy LECK, Appellee.**

**No. 6134.**

Court of Civil Appeals of Texas, Waco.

June 30, 1980.

Rehearing Denied Aug. 7, 1980.

**284**

Robert A. Sparks, David B. Anderson and Wm. R. Anderson, Jr., Anderson & Anderson, Richard B. Turner, Turner, Turner & Turner, Cleburne, Sloan B. Blair, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellants.

Earl Rutledge, Law Offices of Earl Rutledge, P. C., Fort Worth, Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Cleburne National Bank and Kenneth Pugh from judgments against them of $69,716.31 and $29,878.42 in favor of plaintiff Edward Leroy Leck.

Plaintiff Leck's trial pleading (3rd Amended Petition) alleges that he brings this cause of action individually and as a stockholder of Kenedco, Inc.; that he owns 50%, and defendant Pugh owns 50% of the stock of Kenedco and are the Directors; that heretofore Bank sued Kenedco and plaintiff and Pugh as guarantors on notes owed by Kenedco to Bank; that Bank had been guilty of fraud, conspiracy to defraud, negligence and impairment of collateral; that he tried to get the Directors to defend the Bank's suit against Kenedco and authorize suit by Kenedco against the Bank; that Pugh refused, thus preventing Kenedco from defending Bank's suit or suing Bank; that Kenedco owned Cleburne Muffler Shop which plaintiff managed, and Ken Lee Marine which Pugh managed; that Bank financed the Ken Lee Marine building; as well as the inventory of boats and motors under a "floor plan" arrangement; that Bank and Pugh made misrepresentations concerning the inventory and solvency of Ken Lee Marine; that Bank mismanaged the "floor plan"; that Pugh failed to pay notes when inventory was sold; that large shortages developed in the inventory; that Bank and Pugh knew this but furnished false information to plaintiff concerning same; that plaintiff relied on such representation to his detriment as a personal guarantor of the debts of Kenedco; that Bank and Pugh conspired to misrepresent to plaintiff; and auditors and accountants; that Bank and Pugh were negligent in a number of particulars in administering the "floor plan" and in allowing missing items to be counted in inventory checks; that defendants' misdeeds caused Ken Lee Marine to be placed in Receivership and caused Kenedco to file bankruptcy proceedings; that all of the foregoing caused damages to plaintiff in 10 specified areas through di-

minishment of the value of his stock. Plaintiff alternatively plead that jury findings in the prior case[1] finding Pugh and Bank guilty of fraud, conspiracy to defraud, negligence and gross negligence have settled the fact issues in the case.

Both Pugh and Bank filed pleas in abatement asserting that the former case conclusively settled all claims asserted by Leck and that the judgment in such case operates as res judicata barring such claims. The trial court overruled such pleas.

Trial was to a jury which found:

1) Bank and Pugh did not enter into a conspiracy to defraud.

2) Bank did not make false representations to Leck.

3) Pugh did not make false representations to Leck.

4) Bank failed to properly administer the floor plan to insure proper accounting by Ken Lee Marine for the existence of all items pledged as security for the floor plan notes, which was negligence, and a proximate cause of damage to Leck.

5) Pugh failed to administer the floor plan to insure proper accounting by Ken Lee Marine for the existence of all inventory items pledged as security for the floor plan notes, which was negligence, and a proximate cause of damage to Leck.

6) Leck was damaged individually (not taking into consideration any damage to Kenedco, Inc.) a) $4000. loss of inventory; b) $11,320.11 payment of receiver's fees and expenses; c) $1,685.62 payment receiver's attorney's fee; d) $10,939. loss of intercompany account; e) $2,650. payment of accountant and witness fees; f) $6,000. payment of bankruptcy expense; g) $63,000. loss caused by bankruptcy sale of Ken Lee Marine.

7) The Bank's negligence caused 70% of such damage ($69,716.31); and Pugh's negligence caused 30% of such damage ($29,878.42).

The trial court rendered judgment on the verdict for Leck for $69,716.31 against Bank, and $29,878.42 against Pugh.

Pugh and Bank appeal contending the trial court erred in rendering judgment against them and in favor of plaintiff Leck, because the final judgment in the former case is res judicata of, creates estoppel by judgment, and constitutes a bar to the causes of action asserted by Leck in this case.

The record of the former case is before us. It reflects Leck and Pugh were the only shareholders and directors (each owning 50% of the stock) of Kenedco, Inc. Through Kenedco, Leck and Pugh operated Ken Lee Marine, selling boats and motors, and Cleburne Muffler Shop, selling mufflers. Pugh managed Ken Lee and Leck managed the Muffler Shop. Cleburne Bank financed the inventory of Ken Lee for Kenedco under a "floor plan" whereby Ken Lee executed notes and security agreements as items of inventory were purchased, and paid the note as the item securing it was sold. Bank's loans to Kenedco were also secured by the personal guarantees of Pugh and Leck. Also Bank held a note secured by deed of trust lien on land owned by Kenedco. In November 1973 Bank sued Kenedco, Leck and Pugh for $77,496.62 on floor plan notes, and for $27,943.96 due on the land note.

Thereafter Leck caused suit to be filed against Bank and Pugh on behalf of Kenedco, Inc., and Leck individually; later amended such to sue as Leck individually "and to protect the interest of Kenedco, Inc."

Bank filed motion under Rule 12 TRCP for plaintiffs' (Kenedco and Leck) attorneys to show cause for authority to prosecute such suit, and the trial court entered order holding plaintiffs' attorneys failed to show authority to represent Kenedco and dismissed Kenedco from the case.

Thereafter, Leck filed amended pleadings individually alleging (he had tried without success to get Kenedco, Inc. to file such

1. *Cleburne National Bank v. Kenedco, Inc. et al.* Tex.Civ.App. (Waco) NRE, 547 S.W.2d 67.

suit, had filed same himself for the corporation but that the trial court had dismissed the corporation); that Bank and Pugh conspired to impair and fraudulently and negligently did impair the collateral for notes by disposing of inventory without payment to Ken Lee, by failing to see that notes were paid as inventory was disposed, and by false inventory checks and reports; that as result of such activities he has been caused to suffer damages by reason of his personal liability for Kenedco's debt to Bank of $107,496., and for $40,000. consequential damages for expenses relating to the corporation, damages to his credit standing, and damages to his personal estate, (and plead for exemplary damages).

Bank's case on the notes and this case were consolidated by the trial court. Thereafter the court appointed a receiver to take charge of Kenedco's assets.

Trial was to a jury. No issues were submitted relating to the Bank's action on the notes. The jury made a number of findings of conspiracy, fraud, and negligence against Bank and Pugh in support of Leck's contentions of impairment of the note's collateral by them. The jury awarded Leck: 1) $100,000. for his personal liability on the debts of Kenedco to Bank; 2) "None" for injury to his credit standing; and 3) "None" for injuries to his personal estate; and 4) $50,000. for exemplary damages each against Bank and Pugh.

The judgment recited that all indebtedness of Kenedco, Inc., to Bank had been settled subsequent to the jury's verdict and decreed Bank recover nothing from Kenedco, Leck or Pugh; but decreed Leck recover $100,000. against Bank and Pugh for actual damages and $50,000. against Bank and Pugh each for exemplary damages.

This court held on appeal that Leck's recovery of $100,000. for his personal liability for the debt of Kenedco was defensive and could only reduce any recovery by Bank and will not support an affirmative recovery by Leck; that Leck recovered nothing in his other items of damages submitted to the jury; that absent actual damages the exemplary damages are not recoverable;

and reversed the judgment against Bank and Pugh and rendered judgment Leck take nothing.

It was after verdict in the former case (but before judgment was rendered) that Leck filed the instant case. In the former case Leck sought his individual damages; in the instant case Leck sought his individual damages.

■ Thus, the parties in the instant case are the same as the parties in the prior case; as are the identity of issues and causes of action. The final judgment in the prior case that Leck take nothing is res judicata to the instant case.

As this court held in *Mitchell v. Carter*, Tex.Civ.App. (Waco) NWH, 545 S.W.2d 869:

Res judicata is the doctrine that a right, question of fact, put in issue and determined by a court of competent jurisdiction cannot be further litigated in a subsequent suit between the same parties or their privies. *Davis v. First National Bank of Waco*, 139 Tex. 36, 161 S.W.2d 467. The Rule of Res Judicata bars litigation of all issues connected with a cause of action or defense which, with use of diligence, might have been tried in a former case, as well as those which were actually tried. *Ogletree v. Crates*, Tex., 363 S.W.2d 431. And the rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party who has had a fair trial from relitigating the same issue. *Benson v. Wanda Petroleum Co.*, Tex., 468 S.W.2d 361.

Bank's and Pugh's contention supra is sustained.

■ Additionally the findings of negligence and proximate cause found against the Bank in connection with the finding Bank failed to properly administer the floor plan, cannot support a judgment in favor of Leck against the Bank, since the Bank owed no duty as to Leck to properly administer the floor plan to insure proper accounting.

The judgment of the trial court is reversed and judgment here rendered Leck take nothing.