Edward Leroy LECK, Appellant,

v.

Kenneth PUGH, et al., Appellees.

No. 10–84–081–CV.

Court of Appeals of Texas, Waco.

Aug. 23, 1984.

Robert J. Wilson, Robert J. Wilson & Associates, Inc., Burleson, for appellant.

Robert A. Sparks, Robert A. Sparks, Atty. at Law, P.C., Cleburne, for appellees.

OPINION

McDONALD, Justice.

This is an appeal by defendant (and cross plaintiff) Leck from the trial court's order

to liquidate the assets of Kenedco, Inc., a Texas Corporation. Pugh (plaintiff and cross defendant) and Leck are the sole shareholders and directors of the corporation each owning 50% of the stock.

Since 1972 when Leck and Pugh incorporated Kenedco, Inc., the parties have been continually involved in litigation. See: *Cleburne National Bank v. Kenedco, Inc.*, CCA (Waco) NRE, 547 S.W.2d 67, and *Pugh, et al. v. Leck*, CCA (Waco) NRE, 604 S.W.2d 283 (Certiorari Denied U.S.Sup.Ct.).

The judgment of the trial court in the last named case, supra, appointed Mr. Jerry Wheatley as receiver for Kenedco, Inc. after finding there was a deadlock for the statutory period between the shareholders of the corporation.[1] The appointment of a receiver was not appealed and the receivership has been in existence since 1979.

In 1980 plaintiff Pugh filed application to the District Court (amended in 1981) to order the receiver to sell the assets of the corporation and distribute the proceeds pro rata as provided by law.

After hearing the trial court ordered the receiver to sell the assets of Kenedco, Inc.

Defendant Leck appeals on 3 points asserting that the trial court erred in ordering the liquidation of corporation: 1) when there was no showing the corporate entity should be disregarded and that the corporation was in fact a partnership composed of both parties; 2) when there was no showing the corporation was being mismanaged or that Pugh was being deprived of a full disclosure of the corporate records or activities; 3) when the testimony showed Pugh did not have "clean hands" or "standing" to request a liquidation.

As noted defendant Leck and plaintiff Pugh are 50% owners each in the corporation and have been since 1972; have been in continuous litigation with each other since 1973; and receivership was decreed in 1979. The parties are irrevocably at odds with no reasonable chance for any change.

Article 7.06, Texas Business Corporation Act provides: A(3) the District Court may order liquidation of the assets of a corporation and business "if the corporation is in receivership and no plan for remedying the condition of the corporation requiring appointment of the receiver, which the court finds to be feasible, has been presented within 12 months after the appointment of the receiver".

The record contains no showing of the presentation of any plan relative to the above which the court has found to be feasible.

The trial court was authorized to order liquidation of the corporation, and it has in no way abused its discretion in so doing.

All defendant's points are overruled.

AFFIRMED.

---

1. See Art. 7.05, subd. A(1)(b) Texas Business Corporation Act Vol. 3A, VATS.