**Allen H. MUELLER, Appellant,**

v.

**BEAMALLOY, INC., and Ernest Wilson, Appellees.**

No. 01–98–00813–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 1999.

---

Andrew D. Weisblatt, Stewart J. Guss, Houston, for Appellant.

Roland Reese, Brent F. Spivy, Houston, for Appellees.

Panel consists of Justices O'CONNOR, TAFT, and PRICE.*

## OPINION

TIM TAFT, Justice.

This is an appeal from an interlocutory order appointing a receiver to liquidate a corporation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (Vernon Supp. 1999). Appellant, Allen H. Mueller, a 50% shareholder of Beamalloy, Inc., brings a single point of error. We are asked whether the trial court abused its discretion ordering the corporation liquidated. We reverse and order the liquidating receivership dissolved.

### Facts

Mueller and Wilson formed a corporation in 1973, known then as Texsonix, Inc., and known since 1981 as Beamalloy, Inc. Wilson owns 50% of the Beamalloy stock as president, and Mueller owns 50% of the stock as secretary/treasurer. Each has served as a director of the corporation since its inception.

Beamalloy's business is electron-beam welding. The company began with the purchase of a Hamilton Zeiss electron welding machine. Wilson's and Mueller's business plan was to offer multiple options for electron welding. To achieve this goal, they redesigned the single-function Hamilton Zeiss machine. Wilson handled the mechanical aspects of the redesign and Mueller handled the engineering aspects. Wilson and Mueller ran the company as salaried employees until 1991, when Mueller withdrew and stopped receiving a salary. Wilson has run the company since.

Mueller and Wilson agree they are deadlocked over management of the company and cannot get along sufficiently well to run the business together. The articles of incorporation require a third director,

but he resigned. The articles of incorporation do not contain a buy-sell agreement.

Beamalloy's profits as a going concern are approximately $120,000 annually and have been as high as $300,000. Wilson takes an $84,000 annual salary from these profits. He pays a $40,000 annual salary, plus bonus, to his daughter, who helps him run the business. The company is debt free. On liquidation, its assets will bring only $10,000 to $15,000 because there is apparently no market for the highly customized welder that is Beamalloy's primary asset. Wilson claims he has tried to sell the company as a going concern, but has not found a buyer with sufficient technical expertise. Attempts by Wilson and Mueller to buy each other out have failed.

In 1994, Wilson formed a corporation known as Electron Beam Technology, Inc. Wilson and members of his family are officers and directors of the new company, which is located directly across the street from Beamalloy. Wilson acquired a Sciaky electron beam welder for Electron Beam Technology. The Sciaky welder is operated "with a partial vacuum" and is used for large projects. Beamalloy's Hamilton Zeiss welder "has a hard vacuum" and is used for small, precision parts, such as hypodermic needles.

### Procedural Background

This action began in February 1988 as Mueller's shareholder derivative suit against Wilson and Beamalloy. In addition to other causes of action, Mueller claimed Wilson breached his fiduciary duties to Mueller and usurped a Beamalloy corporate opportunity, both in forming the EBT corporation and in acquiring the Sciaky welder. Wilson and Beamalloy answered and counterclaimed that Mueller breached his fiduciary duties. In addition, Wilson filed a petition in the 11th Judicial District Court, under Cause No. 98–17857. After identifying Beamalloy as

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas

at Houston, participating by assignment.

a corporation subject to the Texas Business Corporation Act, Wilson asked the court to appoint a receiver to liquidate Beamalloy under article 7.06 of the Act. TEX. BUS. CORP. ACT ANN. art. 7.06 (Vernon 1980). Wilson offered to serve as the receiver.

On June 15, 1998, the trial court consolidated Mueller's derivative action with Wilson's request for liquidation. Wilson moved for expedited appointment of a liquidating receiver the next day and noticed a hearing for 10 days later. Mueller immediately challenged the appointment of a liquidating receiver under article 7.06 of the Business Corporation Act, on the grounds that none of the four permissible instances specified in the statute had occurred. On the day of the hearing, the trial court ordered Beamalloy liquidated and appointed a receiver. This was just four months after Mueller filed his derivative action.

The trial court's order did not specify the statutory basis for the liquidation, although liquidation was clearly ordered. The statutory basis remains unclear because, while Wilson and Beamalloy initially sought relief under article 7.06 of the Business Corporation Act, the order appointing the receiver also granted Beamalloy and Wilson a trial amendment, which added reliance on the "usages of equity" provisions of article 7.05 of the Business Corporation Act and section 64.001 of the Civil Practice and Remedies Code. TEX. BUS. CORP. ACT ANN. art. 7.05, 7.06 (Vernon 1980); TEX. CIV. PRAC. & REM.CODE ANN. § 64.001 (Vernon 1997).

### Appointment of Receiver to Liquidate Beamalloy

Mueller brings a single point of error claiming that the trial court abused its discretion by appointing a receiver to liquidate the company. Mueller claims Wilson and Beamalloy did not satisfy the prerequisites of article 7.06 of the Business Corporation Act. In addition, Mueller argues that article 7.06 controls over the trial court's equitable powers to appoint a receiver, whether under article 7.05 of the Business Corporation Act or section 64.001 of the Civil Practice and Remedies Code. We agree.

### A. Standard of Review

■ Whether authorized by statute or by equity, we will affirm the interlocutory appointment of a receiver unless the trial court clearly abused its discretion. *Abella v. Knight Oil Tools*, 945 S.W.2d 847, 849 (Tex.App.—Houston [1st Dist.] 1997, no writ). A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). If the decision was within the trial court's discretionary authority, we may not reverse simply because we might have reached a different decision. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991).

### B. Findings Not Binding

■ Wilson and Beamalloy argue that we must affirm the appointment of the liquidating receiver because Mueller has not specifically challenged the trial court's extensive findings of fact and conclusions of law. This argument might have merit were this an appeal from a bench trial on the merits, in which the trial court is required to file findings and conclusions on request. *See* TEX.R. CIV. P. 296; *see McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986).

■ In an appeal from an interlocutory order appointing a receiver, the trial judge may file findings and conclusions but is not required to file them. TEX.R.APP. P. 28.1; *Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934, 937 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Neither rule 296 of the Rules of Civil Procedure nor any other rule or statute requires findings and conclusions for the appointment of a receiver. Findings and conclusions filed in an interlocutory matter are "help-

ful" in determining if the trial court exercised its discretion in a reasonable and principled fashion. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992) (mandamus review of sanction order). When findings and conclusions are merely helpful but not required, they do not carry the same weight on appeal as findings made under rule 296, and are not binding if unchallenged. *IKB Indus., Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 442 (Tex. 1997). We therefore reject Wilson's and Beamalloy's contention that we must affirm the trial court's appointment of a liquidating receiver solely because Mueller has not challenged the trial court's findings of fact and conclusions of law.

## B. Liquidating Receivership—Article 7.06

■ Article 7.06 of the Business Corporation Act is the only Texas statute that authorizes a receivership to liquidate the assets and business of a corporation. Pursuant to Article 7.06, the district court for the county in which the registered office of the corporation may:

> A .... order the liquidation of the assets and business of the corporation and may appoint a receiver to effect such liquidation whenever circumstances demand liquidation in order to avoid damage to parties at interest, *but only if all requirements of law are complied with* and if all *other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation and appointment of a receiver to rehabilitate the corporation, are determined by the court to be inadequate and only in the following instances* :

> (1) When an action has been filed by the *Attorney General,* as provided in this Act, to dissolve a corporation and it is established that liquidation of its business and affairs should precede the entry of a decree of dissolution.

> (2) Upon application by a corporation to have its *liquidation continued* under the supervision of the court.

> (3) If the corporation is *in receivership* and no plan for remedying the condition of the corporation requiring appointment of the receiver, which the court finds to be feasible, has been presented within twelve (12) months after the appointment of the receiver.

> (4) Upon *application of any creditor* if it is established that irreparable damage will ensue to the unsecured creditors of the corporation, generally, as a class, unless there be immediate liquidation of the assets of the corporation.

TEX. BUS. CORP. ACT ANN. art. 7.06A (Vernon 1980) (emphasis added).

■ These "requirements of law" and "instances" for liquidation are consistent with granting liquidating receivership "only as a last resort" for a troubled corporation, when the less harsh remedies of appointment of a receiver for specific assets or a rehabilitative receiver are inadequate. *See* TEX. BUS. CORP. ACT ANN. art. 7.06 (Vernon 1980) (Comment of Bar Committee). Rehabilitation is much preferred over liquidation or dissolution under Articles 7.05 through 7.09 of the Business Corporation Act. TEX. BUS. CORP. ACT ANN. arts. 7.05–09 (Vernon 1980 and Supp.1999); *Patton v. Nicholas,* 154 Tex. 385, 279 S.W.2d 848, 854 (1955); *Davis v. Sheerin,* 754 S.W.2d 375, 379 (Tex.App.—Houston [1st Dist.] 1988, writ denied). In accordance with the preference for rehabilitation over liquidation, the four possible instances listed in article 7.06 exclude all others. TEX. BUS. CORP. ACT ANN. art. 7.06A ("... only in the following instances").

While the trial court's findings and conclusions are extensive, they do not support liquidation under article 7.06A. Consequently, they do not help support the trial court's exercise of its jurisdiction under that statute. It is undisputed that Beamalloy is profitable and debt free. The Attorney General has not filed an action

against Beamalloy. Nor has any creditor sought relief from Beamalloy. As in *Kaspar v. Thorne,* neither article 7.06A(1) nor article 7.06A(4) applies. 755 S.W.2d 151, 153 (Tex.App.—Dallas 1988, no writ). Likewise, Beamalloy is not in an ongoing receivership. Accordingly, neither article 7.06A(2) nor article 7.06A(3) applies. *Kaspar,* 755 S.W.2d at 153; *compare Leck v. Pugh,* 676 S.W.2d 180, 181 (Tex.App.—Waco 1984, no writ) (affirming liquidation under article 7.06A(3) for corporation in receivership for 12 months without presentation of a feasible plan for remedying condition of corporation). Because the record does not show any of the four, narrowly restricted prerequisites to appointment of a liquidating receiver, the trial court abused the discretion vested in it under article 7.06 in ordering Beamalloy liquidated.

## C. No Liquidation Under Rules of Equity

In accord with their trial amendment, Wilson and Beamalloy argue that article 7.05 of the Business Corporation Act and section 64.001 of the Civil Practice and Remedies Code also authorize liquidation. TEX. BUS. CORP. ANN. art. 7.05 (Vernon 1980); TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(7) (Vernon Supp.1999). In defending the liquidation as a valid exercise of the trial court's equitable powers under these statutes, Wilson and Beamalloy acknowledge that the strict requirements of article 7.06 of the Business Corporation Act do not include equitable appointment of a liquidating receivership. TEX. BUS. CORP. ANN. art. 7.06.

### 1. Rules for Statutory Construction

■ In construing statutes, our primary objective is to give effect to the intent of the legislature. TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998); *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997); *City of Houston v. Morua,* 982 S.W.2d 126, 129 (Tex.App.—Houston [1st Dist.] 1998, no pet.). When statutes are clear and unambiguous, we discern the

legislature's intent by according the words chosen their plain and common meaning and by giving effect to all of the statute's terms. TEX. GOV'T CODE ANN §§ 311.011(a), 311.021(2), 312.022(a) (Vernon 1998 and Supp.1999); *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997); *Morua,* 982 S.W.2d at 129. In construing statutes as a whole, we consider all provisions of an act and decline interpretations that produce absurd results or render terms meaningless. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Lundy v. State,* 891 S.W.2d 727, 729 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

### 2. Article 7.05—No Authority for *Liquidating* Receivership

■ Article 7.05 governs appointment of a *rehabilitative* receiver "for the assets and business of a corporation." Article 7.05A parallels article 7.06A by stating the preliminary prerequisites for appointment of the receiver, as follows:

A. A receiver may be appointed for the assets and business of a corporation by the district court for the county in which the registered office of the corporation is located, whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets and business of the corporation and to avoid damage to parties at interest, but only if all other requirements of law are complied with and if all other remedies available either at law or in equity, including the appointment of a receiver for specific assets of the corporation, are determined by the court to be inadequate. . . .

TEX. BUS. CORP. ACT ANN. art. 7.05A.

Article 7.05A parallels article 7.06A by listing the narrowly limited instances that may warrant a rehabilitative receivership. Provided the preliminary requirements in section 7.05A are met, there are three possible instances. TEX. BUS. CORP. ACT ANN. art. 7.05A(1)-(3). Wilson and Beamalloy rely on the third instance, subsection (3) of article 7.05A. Subsection A(3) autho-

rizes appointment of a rehabilitative receiver in "any other actions" in which "receivers have heretofore been appointed by the usages of the court of equity." TEX. BUS. CORP. ACT ANN. art. 7.05A(3).

What Wilson and Beamalloy ignore, however, is that the only possible relief under article 7.05 is for the trial court to appoint a receiver *to rehabilitate* a corporation. No provision of article 7.05 expressly authorizes the trial court to appoint a receiver *to liquidate* a corporation. Furthermore, nothing in article 7.05 suggests or implies this authority. In asking us to read authority to liquidate into article 7.05, Wilson and Beamalloy ask us to disregard both article 7.05 and article 7.06. As addressed above, article 7.06 authorizes a receivership to liquidate a corporation, but only in the narrowly limited instances specified in the statute, none of which applies here. While the legislature included authority "under the usages of the court of equity" in enacting article 7.05 for *rehabilitative* receiverships, the legislature did not authorize trial courts to exercise their equitable powers in enacting article 7.06 for *liquidating* receiverships. *Compare* TEX. BUS. CORP. ACT ANN. art. 7.05A(3) *with* TEX. BUS. CORP. ACT ANN. art. 7.06A. By including "the usages of the court of equity" in the authority granted the trial court under article 7.05, while simultaneously omitting equitable powers in the authority granted under article 7.06, the legislature expressed its intent to limit equitable authority to rehabilitation.

### 3. Remedies Code § 64.001—No Authority for Liquidating Receivership

 Wilson and Beamalloy also defend the trial court's action under Section 64.001 of the Civil Practice and Remedies Code. The statute lists six specific instances in which a court of competent jurisdiction may appoint a receiver. TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(1)-(6) (Vernon Supp.1999).[1] An additional provision authorizes a receiver "in *any other case* in which a receiver may be appointed under the rules of equity." TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(7) (Vernon Supp.1999) (emphasis added).

In defending the liquidating receivership as a valid exercise of the trial court's authority under article 64.001, Wilson and Beamalloy again ask us to disregard specific provisions of the statute that preclude this interpretation.

Specifically, subsection (a)(5) of article 64.001 authorizes a court of competent jurisdiction to appoint a receiver for a corporation that is

- insolvent,
- in imminent danger of insolvency,
- has been dissolved, or
- has forfeited its corporate rights.

TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(5) (Vernon Supp.1999). None of these applies to the Beamalloy corporation.

In relying on section 64.001(a)(7), Wilson and Beamalloy ask us to ignore section 64.001(a)(5). Section 64.001(a)(5) pertains specifically to corporations and thus applies to Beamalloy. Wilson and Beamalloy also ask us to disregard subsection (a)(7) itself. In authorizing a receiver in any *other* case, subsection (a)(7) applies to instances *beyond* those listed in subsections (a)(1) through (a)(6). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 64.001(a)(7) (Vernon Supp.1999). Given the specific grant of authority to appoint a receiver for a corporation under the circumstances listed in section 64.001(a)(5), the trial court had no authority to appoint a receiver for that corporation under section 64.001(a)(7), much less a receiver to liquidate. *See* TEX. GOV'T.CODE ANN. §§ 311.026(a)-(b), 311.023 (Vernon 1998).

We sustain Mueller's sole point of error.

---

**1.** In contrast to the Business Corporation Act, Section 64.001 does not specify the type of receiver the court may appoint.

## Conclusion

We conclude the trial court abused its discretion by ordering Beamalloy liquidated and by appointing a receiver for that purpose. Accordingly, we reverse the trial court's order appointing a liquidating receivership and order the receivership dissolved.