Opinion issued February 19, 2004













In The
Court of Appeals
For The 
First District of Texas




NO. 01-02-01195-CV




 CARLA HAWKINS, Appellant

V.

IRACEMA GOMEZ, D.D.S. and LEWIS & ASSOCIATES, P.C. D/B/A
SOUTHERN DENTAL ASSOCIATES, Appellees




On Appeal from the 280th District Court
 Harris County, Texas
Trial Court Cause No. 2001-07938




MEMORANDUM OPINION

          Appellant, Carla Hawkins, appeals an order dismissing her medical malpractice
suit against appellees, Iracema Gomez, D.D.S. and Lewis and Associates d/b/a
Southern Dental Associates, under the Medical Liability and Insurance Improvement
Act, former article 4590i, section 13.01of the Revised Civil Statutes. See Act of April
19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064 [hereinafter
“former article 4590i, section 13.01”], repealed by Act of May 16, 2003, 78th Leg.,
R.S., ch. 204, § 10.09, 2003 Sess. Law Serv. 884 (Vernon) (current version at Tex.
Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2004)). We determine (1)
whether the trial court erred in dismissing Hawkins’s suit because her expert report
did not meet the requirements of former article 4590i, section 13.01 and (2) whether
the trial court erred in refusing to grant Hawkins additional time to amend her expert
report. We affirm. 
 Facts
          Hawkins was a dental patient of Gomez, a dentist at the offices of Lewis and
Associates. On March 15, 1999, Hawkins came to Gomez, complaining of swelling. 
Gomez took an X-ray of Hawkins’s mouth, diagnosed an infection, and advised
Hawkins that she needed to undergo a root-canal treatment beneath an existing
crown. Gomez prescribed an antibiotic and pain medication for Hawkins and
scheduled Hawkins for a root-canal procedure on March 17, 1999. 
          Hawkins alleged that, during the procedure on March 17, 1999, Gomez left
Hawkins alone for an unreasonable amount of time and carried out the procedure with
such a delay that the local anesthesia was no longer effective, causing Hawkins to
experience immense pain. Hawkins also claims that Gomez took additional X-rays
and completed the procedure while ignoring Hawkins’s repeated requests for
additional anesthesia. Gomez then informed Hawkins that a second treatment would
be unnecessary. Hawkins alleges that, three weeks later, the tooth “simply fell out,”
causing Hawkins to endure additional procedures, including bridge work.
          Hawkins timely filed an expert report of Stephen F. Wood, D.D.S. under
former article 4590i, section 13.01. Appellees moved to dismiss the suit, claiming
that Hawkins had filed an expert report that did not meet the requirements of former
article 4590i, section 13.01. Hawkins responded to appellees’ motion to dismiss and,
in the alternative, requested leave to amend her expert report. On October 11, 2002,
the trial court denied Hawkins’s request and dismissed her suit with prejudice.
Standard of Review
          We review a trial court’s ruling on a dismissal under former article 4590i,
section 13.01 for abuse of discretion. See Strom v. Mem’l Hermann Hosp. Sys., 110
S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Under this
standard, we inquire whether the trial court acted without reference to any guiding
rules or principles. See id. We may not reverse a discretionary decision simply
because we might have reached a different one. See Mueller v. Beamalloy, Inc., 994
S.W.2d 855, 858 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
Sufficiency of Expert Report
          In her first issue, Hawkins contends that the trial court erred in dismissing her
suit because it found that her expert report did not meet the requirements of former
article 4590i, section 13.01.


 See Act of April 19, 1977, 65th Leg., R.S., ch. 817,
1977 Tex. Gen. Laws 2039, 2064 (repealed 2003). In their motion to dismiss,
appellees had argued that the report failed (1) to identify the applicable standard of
care and Gomez’s deviation from the standard of care and (2) to explain the causal
relationship between Gomez’s alleged breach and Hawkins’s injuries. 
          Former article 4590i, section 13.01 requires plaintiffs with medical malpractice
claims either to provide each defendant with an expert report or to nonsuit the claims
within 180 days of filing suit. See Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). One purpose of the expert-report
requirement is to deter frivolous claims. Id. at 878. If the plaintiff fails, within the
time allowed, to provide the expert report or to nonsuit the case, the trial court must
dismiss the case with prejudice, award costs and attorney’s fees to the defendant, and
order the forfeiture of any applicable cost bond necessary to pay that award. See
Strom, 110 S.W.3d at 221 (citing former art. 4590i, Section 13.01(e)). If the plaintiff
timely files a report, the defendant may move to challenge the adequacy of the report,
and the trial court must grant the motion if the report does not represent a good-faith
effort to comply with the definition of an expert report. See Palacios, 46 S.W.3d at
877.
          Expert testimony is crucial to a medical malpractice case because knowing
what specific conduct the plaintiff’s experts have called into question is critical to
both the defendant’s ability to prepare for trial and the trial court’s ability to evaluate
the viability of the plaintiff’s claims. Id. at 876-77. The crucial inquiry is whether
Hawkins’s expert report represents a good-faith effort to comply with the statutory
definition of an expert report. See Act of April 19, 1977, 65th Leg., R.S., ch. 817,
1977 Tex. Gen. Laws 2039, 2064 (repealed 2003). Because the statute focuses on
what the report discusses, the only information relevant to the inquiry is within the
four corners of the document. See Palacios, 46 S.W.3d at 878. Therefore, the trial
court may not look beyond the report in determining compliance with the statute. 
Strom, 110 S.W.3d at 221.
          An expert report must provide a fair summary of the expert’s opinion regarding
applicable standards of care, the manner in which the care was rendered, the way in
which the defendant failed to meet the applicable standards of care, and the causal
relationship between that failure and the injury, harm, or damages claimed. See Act
of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064
(repealed 2003). The report need not marshal all of the plaintiff’s proof, but must
include the expert’s opinion of each of the elements identified in the statute. See
Strom, 110 S.W.3d at 221. In setting out the expert’s opinions on each of those
elements, the report must provide enough information to fulfill two purposes if it is
to constitute a good-faith effort. Palacios, 46 S.W.3d at 879. First, the report must
inform the defendant of the specific conduct that the plaintiff has called into question.
Id. Second, and equally important, the report must provide a basis for the trial court
to conclude that the claims have merit. Id. 
          First, Hawkins argues that her expert report set out with specificity the proper
standard of care. Hawkins states that Dr. Wood stated the following standard of care
in the expert report:
[I am] familiar with the standard of care at the times in question that a
reasonably prudent dentist would provide in evaluating and performing
treatment on patients with histories and symptoms similar to Carla
Hawkins . . . the standard of care would be uniform throughout the
United States. I am familiar with what a reasonably prudent dentist
would do and refrain from doing in such circumstances.

 
Hawkins contends that the above statements were sufficiently specific to constitute
a good-faith effort to comply with former article 4590i, section 13.01’s requirements
relating to standard of care. Further, Hawkins claims that the report sufficiently
provided Dr. Wood’s expert opinion about Gomez’s deviation from the standard of
care because the report stated that Gomez had failed (1) “to inform [Hawkins] of
possible alternative treatments and procedures to be performed,” (2) to state in the
consent form the “treatment procedure” or to explain the possibility of “fracture of
the clinical crown,” (3) to medicate Hawkins properly for “infection and heart
murmur,” and (4) to restore Hawkins’s tooth properly “after performing the root canal
procedure.” 
The Texas Supreme Court has held that:
to constitute a good-faith effort to provide a fair summary of an expert’s
opinions under section 13.01(l), an expert report must discuss the
standard of care, breach, and causation with sufficient specificity to
inform the defendant of the conduct the plaintiff has called into question
and to provide a basis for the trial court to conclude that the claims have
merit. 

Palacios, 46 S.W.3d at 875. The correct standard of care is that of an ordinarily
prudent health-care provider or physician under the same or similar circumstances. 
See Strom, 110 S.W.3d at 222. A standard of care in medical malpractice is the mode
or form of treatment that a reasonable and prudent member of the medical profession
would undertake. See White v. Wah, 789 S.W.2d 312, 317 (Tex. App.—Houston [1st
Dist] 1990, no writ). 
          Although Dr. Wood states in his report that he is “familiar with the standard
of care” of a reasonably prudent dentist in such a situation, “[i]t is not sufficient for
an expert to simply state that he or she knows the standard of care and concludes it
was [or was not] met.” Palacios, 46 S.W.3d at 880 (citing Chopra v. Hawryluk, 892
S.W.2d 229, 233 (Tex. App.—El Paso 1995, writ denied)). Dr. Wood goes into some
detail about how, in his opinion, Gomez acted negligently, i.e., by failing to medicate
Hawkins properly and by failing to restore Hawkins’s tooth properly after having
performed the root canal. However, Dr. Wood’s assertions, like those in the expert’s
report in Strom, state what an ordinarily prudent dentist would not do, but not the
mode or form of treatment that an ordinarily prudent dentist would undertake. See
Strom, 110 S.W.3d at 223 (asserting that expert reports that address only breach of
applicable standard of care do not adequately state the standard of care as required
by former article 4590i). Similarly, the two pages of diagrams and hand-written notes
that Dr. Wood provided show how excessive tooth structure was removed, leaving
no support for the tooth. However, these notes and diagrams, although focusing
again on the breach of the standard of care, fail to show or to describe how an
ordinarily prudent dentist would have performed the root canal. “While a ‘fair
summary’ is something less than a full statement of the applicable standard of care
and how it was breached, even a fair summary must set out what care was expected,
but not given.” Palacios, 46 S.W.3d at 880 (quoting Palacios v. Am. Transitional
Care Ctrs. of Tex., Inc., 4 S.W.3d 857, 865 (Tex. App.—Houston [1st Dist.] 1999)
(Taft, J., dissenting), rev’d, 46 S.W.3d 873 (Tex. 2001)). To constitute a good-faith
effort to provide a fair summary, the report must not only inform the defendant of the
specific conduct that the plaintiff is questioning, but it must also provide a basis for
the trial court to conclude that the claims have merit. Id. at 879.
           Hawkins relies on Wright v. Bowie Memorial Hospital as support for her
assertion that her expert’s report met the standard of care. See id., 48 S.W.3d 443
(Tex. App.—Fort Worth, 2001), rev’d on other grounds, 79 S.W.3d 48 (Tex. 2002).
However, in Wright, the expert’s report clearly identified the applicable standard of
care by explicitly stating what the proper procedures should be for reading x-rays in
a hospital emergency room. See id. at 447. Here, Dr Wood’s report merely implies
that an ordinarily prudent dentist would have properly pre-medicated the patient prior
to the procedure and would have properly restored the tooth following the procedure;
however, these implications do not suggest how an ordinarily prudent dentist would
have done these things. In other words, the expert report should have stated how an
ordinarily prudent dentist would have medicated the patient prior to the procedure
and would have restored the tooth afterward. See Strom, 110 S.W.3d at 223. Because
the report contained no statement of the care that was expected, there was no basis for
the trial court to conclude that the claims had merit. Without this basis, the trial court
did not abuse its discretion in concluding that the report did not constitute a good-faith effort to comply with former article 4590i. See Palacios, 46 S.W.3d at 879. It
is thus not necessary to examine the other two expert-report requirements under
former 4590i, section 13.01(r)(6). See Strom, 110 S.W.3d at 223.
          Accordingly, we hold that the trial court did not abuse its discretion in finding
that the expert’s report failed to comply with the requirements of former article 4590i,
section 13.01.
          We overrule Hawkins’s first issue.Request for Leave to Amend
          In her second issue, Hawkins contends that the trial court erred in denying her
request for a 30-day grace period under former article 4590i, section 13.01(g). See
Act of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, 2064
(repealed 2003).


 
          Former article 4590i, section 13.01(g) states:
Notwithstanding any other provision of this section, if a claimant has
failed to comply with a deadline established by Subsection (d) of this
section and after hearing the court finds that the failure of the claimant
or the claimant’s attorney was not intentional or the result of conscious
indifference but was the result of accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with
that subsection. A motion by a claimant for relief under this subsection
shall be considered timely if it is filed before any hearing on a motion
by a defendant under Subsection (e) of this section.

See id.
          To meet the requirements of the 30-day grace period under former article
4590i, section 13.01(g), the plaintiff must (1) have failed to meet the 180-day
deadline and (2) show that the insufficiency of the expert report was an accident or
mistake. See id. An accident or mistake is characterized by a person’s inadequate
knowledge of the facts or an unexpected happening that precludes compliance with
the statute. See De Leon v. Vela, 70 S.W.3d 194, 200 (Tex. App.—San Antonio 2001,
pet. denied). A section 13.01(g) grace-period determination is reviewed under an
abuse-of-discretion standard. See Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex.
2003).
          The Texas Supreme Court has held that “the statute clearly delineates the
requirements for an expert report” and “a party who files suit on claims subject to
article 4590i is charged with knowledge of the statute and its requirements.” See id.
at 64. The supreme court emphasized that “not every act of a [party] that could be
characterized as a mistake of law is a sufficient excuse.” See id. Instead, in
determining whether the failure to file an adequate report was due to accident or
mistake, the reviewing court “must look to the knowledge and acts of the claimant.” 
See id. 
          Here, the trial court held a hearing to consider the merits of appellees’ motion
to dismiss and Hawkins’s response. In her response to the motion to dismiss,
Hawkins argued that she should be allowed leave to amend her expert report,
claiming that any deficiencies in her expert report were the result of “accident or
mistake.” See Act of April 19, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws
2039, 2064 (repealed 2003). We have no record of this hearing or other evidence by
which we may determine whether Hawkins established that the omission in her expert
report of the applicable standard of care and causation was either the result of
“intentional or conscious indifference” or was due to “accident or mistake.” See id. 
Thus, Hawkins has failed to provide us with a sufficient record, and we cannot
determine the merits of Hawkins’s second point of error. See Truong v. City of
Houston, 99 S.W.3d 204, 216-17 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(holding that appellate court may not determine merits of one of appellants’
complaints because appellants had failed to provide record by which appellate court
could determine whether trial court had abused its discretion). 
          We overrule Hawkins’s second point of error.Conclusion
          We affirm the judgment of the trial court. 



                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Keyes, Bland.