

## NUMBER 13-09-573-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CLINICA SANTA MARIA,                                                    Appellant,

v.

LARRY MARTINEZ AND
STEPHANIE CAMPOS, ET AL.,                                      Appellees.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Justice Vela

Clinica Santa Maria ("Clinica") appeals an order of the trial court awarding it $997.50

in attorney's fees as sanctions in connection with the dismissal of a health care liability

claim for failure to file an adequate report. By three issues, Clinica urges that the trial court

should have awarded it additional attorney's fees. Clinica claims that the trial court erred

in: (1) admitting an affidavit that controverted counsel for Clinica's affidavit with respect to attorney's fees; (2) limiting the award to only those fees incurred in connection with the preparation, filing, and hearing of its motion for sanctions; and, (3) ordering the attorney's fees be recovered only against the individual plaintiffs below rather than their attorneys. We affirm.

## I. BACKGROUND

Larry Martinez and Susie Stephanie Campos ("the Martinezes") filed suit against Clinica and Maria Martinez, M.D. for medical negligence. The Martinezes were represented by attorney Ray Marchan who, at the initial stages of the lawsuit, was employed by the Watts Law Firm. The Martinezes furnished the defendants an expert report, prepared by Donald Coney, M.D., which was challenged by both defendants. The trial court denied the defendants' motion to dismiss on March 4, 2004. Dr. Martinez then individually filed a motion for summary judgment that was granted in her favor. Thereafter, Dr. Martinez appealed the denial of her previously denied motion to dismiss. This Court affirmed the denial of the motion to dismiss and the Texas Supreme Court denied the petition for review.[1]

On May 16, 2006, Clinica challenged the order denying its motion to dismiss by petition for writ of mandamus.[2] This Court denied the petition for writ of mandamus, determining that it was not timely filed. In May 2008, immediately prior to trial, counsel for the Martinezes non-suited their claim against Clinica because the Martinezes failed to

---

[1]*Martinez v. Martinez*, No. 13-05-00736-CV, 2007 WL 2325929, at *1 (Tex. App.–Corpus Christi, Aug. 16, 2007, pet. denied) (mem. op.).

[2]*In re Clinica Santa Maria*, No. 13-06-00256-CV, 2007 WL 677736, at *1, (Tex. App.–Corpus Christi, Mar. 6, 2007, orig. proceeding) (mem. op.).

appear for trial. Clinica, thereafter, appealed the trial court's denial of its motion to dismiss for lack of an adequate expert report. This Court held that the report was insufficient with respect to the claims against Clinica and remanded the case for a determination of reasonable attorney's fees.[3]

Upon remand, the trial court held a hearing with respect to attorney's fees. Clinica sought attorney's fees from the Martinezes, Ray Marchan, and the Watts Law Firm. Counsel for Clinica requested fees in the amount of $135,000. At the hearing, counsel for Clinica submitted approximately 150 pages of itemized billing statements and an affidavit stating that reasonable and necessary attorney's fees were $135,000. The Watts Law Firm submitted the affidavit of Darrel Barger, an attorney with many years of experience in civil defense litigation, who averred that based upon his review of the procedural history of the case, it was his opinion that $700.00 was a reasonable amount of attorney's fees "for the failure of the expert report to specifically mention Clinica Santa Rosa, as referenced by the Court of Appeals decision of March 19, 2009 . . . ." The Watts Law Firm also submitted the affidavit of Mikal Watts who averred that neither he nor any other lawyer in his firm, other than Marchan, played any role in the prosecution of the Martinezes' case.

The trial court also heard live testimony from Ron Hole, counsel for Clinica, as well as Watts, and Marchan. On direct examination, Hole testified that a reasonable fee for handling the matter through the point of dismissal would be $135,000 for both defendants. Thereafter, he said that a reasonable fee for representation of Clinica alone would be $100,000. On cross-examination, Hole testified that it would have taken him between two

---

[3]*Clinica Santa Maria v. Martinez*, No. 13-08-00375-CV, 2009 WL 877645, at *1 (Tex. App.–Corpus Christi, Mar. 19, 2009, no pet.).

and five hours to prepare Clinica's motion to dismiss.  He later said that it was 3.8 hours.  No discovery was related to the motion to dismiss for an inadequate report.  Hole agreed that he spent 8.8 hours preparing for the motion and hearings against both defendants.  He also discussed the fact that he had taken depositions prior to filing the motion to dismiss.  Counsel for Clinica opined that he was entitled to attorney's fees for all of the work he performed.  When cross-examined by Watts, counsel for Clinica stated that $997.50 was the sole amount that was related to the filing of the motion to dismiss and attending the hearing.  Counsel for Clinica also stated that at the time the trial court initially denied the dismissal motion, his client had incurred fees of $6,238.  Counsel for Clinica testified that approximately $6,000 to $8,000 was expended for the appeal after Marchan filed the nonsuit.

Marchan testified that he nonsuited the case because his client did not show up on the date the case was scheduled for trial.  He also testified that he worked for the Watts Law Firm at the time the expert report was filed.  Watts testified that neither he nor any other member of his firm had any role with respect to the preparation of the expert report, other than Ray Marchan, the Martinezes' counsel.  After taking the matter under advisement, the trial court entered an order awarding $997.50 to Clinica, recoverable against only the Martinezes.

## II. STANDARD OF REVIEW

We review a trial court's ruling on attorney's fees under an abuse of discretion standard.  *Strom v. Mem'l Hermann Hosp. Sys.,* 110 S.W.3d 216, 220 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).  The abuse-of-discretion standard governed all article 4590i, section 13.01 rulings.  *Id*.; *Am. Transitional Care Ctrs. of Tex. Inc. v. Palacios,* 46 S.W.3d

4

873, 877 (Tex. 2001). The test is whether the trial court acted without reference to any guiding rules or principles. *Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex. 1999); *Strom,* 110 S.W.3d at 220; *Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 858 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We may not reverse a discretionary ruling simply because we might have reached a different outcome. *Mueller,* 994 S.W.2d at 858. When resolving factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992).

Dismissals with prejudice for lack of compliance with section 13.01 of article 4590i are sanctions. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 13.01(e), 1995 Tex. Gen. Laws 985, 986 (former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(e)), repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 "[T]he court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions . . .").

### III. ANALYSIS

Clinica argues that the affidavit of Darrel Barger should have been excluded because it was hearsay, untimely, and conclusory. Whether to admit or exclude evidence is a matter committed to the trial court's discretion. *E.I. duPont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Petrillose v. Christus Spohn Health Sys. Corp.*, No. 13-07-00573-CV, 2009 WL 2542510, at *3 (Tex. App.–Corpus Christi, Aug. 20, 2009, no pet.) (mem. op.). We first note that it is common practice to allow affidavit evidence to be presented in support of attorney's fees in medical malpractice cases where a claimant has not complied with the initial report requirements of the statute*. See, e.g*

*Awoniyi v. McWilliams*, 261 S.W.3d 162, 166 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (stating that the hospital attorney's affidavit testimony was some evidence that the hospital actually incurred attorney's fees); *Hunsucker v. Fustok*, 238 S.W.3d 421,432 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (noting that counsel swore to attorney's fees that had been incurred); *Strom*, 110 S.W.3d at 227 (affirming an award of attorney's fees based on an affidavit); *Marquez v. Providence Mem.l Hosp. Sys.*, 57 S.W.3d 585, 596 (Tex. App.–El Paso 2001, pet. denied) (noting no abuse of discretion in award of attorney's fees based on affidavits even when the affidavits were alleged to be conclusory); *see also Roberts v. Irigoyen*, No. 13-99-00011-CV, 2000 WL 35721238, at *4 (Tex. App.–Corpus Christi May 4, 2000, no pet.) (mem. op.) (noting that uncontroverted affidavit of attorney was some evidence to support attorney's fees). There does not appear to be case law with respect to the propriety of filing controverting affidavits.

The Texas Supreme Court has analogized sanctions under article 4590i to those allowed by Texas Rule of Civil Procedure 13. *See Palacios*, 46 S.W.3d at 878. Further, Texas Rule of Civil Procedure 215.6, dealing with discovery sanctions, allows affidavits to be attached to a response to a sanctions motion. TEX. R. CIV. P. 215.6. In *Kugle v. DaimlerChrysler Corp.*, 88 S.W.3d 355, 364 (Tex. App.–San Antonio 2002, pet. denied), the court held that in order for a trial court to consider such affidavits, they had to be admitted in compliance with the rules of evidence. Here, unlike in *Kugle*, the trial court was asked to admit and did admit Barger's affidavit into evidence despite Clinica's objection that it was hearsay, not on file for seven days, and was "inconclusive." While the affidavit in question was offered for the truth of the matters asserted in it, and the record did not

6

reflect that Barger was available for cross examination at the hearing, the procedural rules suggest that affidavits may be properly attached to a response to a sanctions motion. *See* TEX. R. CIV. P. 215.6.

We note, however, that even though the courts have likened sanctions awarded in medical malpractice cases to discovery sanctions, there is a difference between the two. In a sanctions proceeding brought pursuant to the rules of procedure, where the judgment is not one for earned attorney's fees but rather a judgment imposing attorney's fees as sanctions, it is not invalid because a party fails to prove attorney's fees. *See Glass v. Glass,* 826 S.W.2d 683, 688 (Tex. App.–Texarkana 1992, writ denied). "When attorney's fees are assessed as sanctions, no proof of necessity or reasonableness is required." *Miller v. Armogida,* 877 S.W.2d 361, 365 (Tex. App.–Houston [1st Dist.] 1994, writ denied); *see Brantley v. Etter,* 677 S.W.2d 503, 504 (Tex. 1984) (per curiam) (concluding that the amount of attorney's fees awarded as sanctions for discovery abuse is solely within the sound discretion of the trial court and will only be set aside upon a showing of clear abuse of discretion); *see also Condit v. Gonzales*, No. 13-04-00426-CV, 2006 WL 2788251, at *12 (Tex. App.–Corpus Christi, Sept. 28, 2006, no pet.) (mem. op.). Here, however, the applicable statute required that the award of attorney fees be reasonable. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 TEX. GEN. LAWS 985, 986 (repealed 2003).

We are not required to resolve that issue here because, even if we exclude Barger's affidavit from consideration, there was competent evidence before the trial court in the form of live testimony from which it could make a determination of what was reasonable under the circumstances of this particular case. The trial court had before it the testimony of

7

Hole, Watts and Marchan. We do not know why the trial court did what it did because no findings were requested or made by the trial court. It appears, however, that the trial court awarded only those fees expended in the preparation and filing of the motion to dismiss.

A trial court may properly consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties when it determines the propriety of granting attorney's fees. *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897 (Tex. App.–Dallas 2003, no pet.); *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 767 (Tex. App.–Corpus Christi 2004, no pet.).

The trial court clearly granted far less than requested by Clinica. In looking at the evidence from the viewpoint of the trial court's discretion, were there reasons for the trial court ruling the way it did? It is possible that the trial court could have awarded less because there were substantial fees expended in appealing Dr. Martinez's case to the appellate courts. *See Martinez v. Martinez*, No. 13-05-00736-CV, 2007 WL 2325929, at *6 (Tex. App.–Corpus Christi, Aug. 16, 2007, pet denied) (mem. op.). The trial court could have awarded less than requested because counsel for Clinica did not segregate the fees with respect to the two defendants. The trial court may have decided not to award counsel attorney's fees for the work performed on Dr. Martinez's behalf, including the motion for summary judgment. The trial court may have awarded less because the mandamus filed was unsuccessful in the appellate court. *In re Clinica Santa Maria*, 2007 WL 677736, at *1.

8

This Court has previously held that even if there is no direct testimony to contradict the amount testified to, a trial court still has the discretion to award a lesser amount if it has any reason to determine that the award was unreasonable or unwarranted. *See Arango v. Brummet*, 13-02-00326-CV, 2003 WL 22025897, at* 2 (Tex. App.–Corpus Christi, Aug. 29, 2003, pet. denied) (mem. op.); *see also Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). The amount of an attorney's fees award rests in the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *See AMX Enters., L.L.P. v. Master Realty Corp.,* 283 S.W.3d 506, 516 (Tex. App.–Fort Worth 2009, no pet.); *Bair Chase Prop. Co., LLC v. S & K Dev. Co.,* 260 S.W.3d 133, 138 (Tex. App.–Austin 2008, pet. denied); *Alford v. Johnston,* 224 S.W.3d 291, 298 (Tex. App.–El Paso 2005, pet. denied). Abuse of discretion occurs when the trial court acted without reference to any guiding rules and principles. *Cire v. Cummings,* 134 S.W.3d 835, 839 (Tex. 2004).

Here, there were legitimate reasons the trial court could have considered in awarding Clinica less than it requested. Based on the record before us, we cannot say that the trial court acted arbitrarily or unreasonably. We will not second guess the trial court in matters within its discretion or substitute our judgment for that of the trial court. Clinica also argues that the trial court erred in failing to award conditional attorney's fees for the appeal of this case. A trial court may grant appellate attorney's fees as part of a sanctions order, conditioned on the appeal's outcome. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998). We find no abuse of the trial court's discretion in failing to do so here. We overrule issues one and two.

9

By issue three, Clinica argues that the trial court erred in determining that the attorney's fees be recovered only from the individual plaintiffs and not attorney Marchan or the Watts Law Firm.   Former article 4590i § 13.01(e) provided:

> If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of the section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
> (1) the reasonable attorney's fees and costs of court incurred by that defendant;
>
> (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
>
> (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

*See* Act of May 5, 1995, 74th Leg. R.S. ch. 140, § 1, 1995 TEX. GEN. LAWS 985, 986 (repealed 2003).

On its face, the statute mandated the award of sanctions, but gave the trial court discretion with respect to whom the court should sanction. *Id.*; *see also Gurkoff v. Jersak*, 02-07-0101-CV, 2008 WL 1700126, at *4 (Tex. App.–Fort Worth, Apr. 10, 2008, pet. denied) (mem. op). Again, as a reviewing court, we should not substitute our judgment for that of the trial court unless the actions of the trial court exceeded the bounds of reasonable discretion*. Butnaru v. Ford Motor Co*., 84 S.W.3d 198, 211 (Tex. 2002). A defendant cannot choose who should pay sanctions; they are awarded against the offending party. *See In re SCI Tex. Funeral Servs. Inc.*, 236 S.W.3d 759, 761 (Tex. 2007).

It is conceivable here that the trial court took into consideration the fact that there was evidence before it that Marchan was ready to try the case, but his client did not appear

10

for trial. While this fact does not negate the later ruling of this Court that the report was deficient with respect to Clinica, it does provide a reason for the trial court to do what it did. There was nothing to suggest that Marchan was attempting to pursue a case he thought was frivolous. Marchan was successful on several fronts, including an appeal to this Court, the Texas Supreme Court and an original proceeding that terminated in his client's favor. To insist that the sanctions be awarded against counsel would have a chilling affect upon attorneys who, in good faith, pursue their clients' cases. In this case, there was an expert report filed, though this Court determined it to be deficient at a much later date. Requiring a trial court to award sanctions against an attorney, when the evidence was that the attorney was diligently pursuing the case on the client's behalf, could deter zealous representation. The record reflects that Marchan was successful in several matters that were before the trial court and this Court, and we will not disturb the trial court's ruling with respect to who should pay the fees.

The trial court also did not abuse its discretion in failing to grant sanctions against the Watts Law Firm. The evidence was undisputed that Marchan at all times represented the Martinezes, and Marchan took the case with him when he left the Watts Law Firm. Having found no abuse of discretion, we overrule Clinica's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the 24th
day of June, 2010.

11